### LANSFORD WHITE *vs.* ELIAS BALLOU & another.

The testimony of experts is incompetent to show whether the placing of wet staves upon the outside of an arch, in which a fire is kindled, is a safe and prudent method of drying them.

TORT to recover for the burning of a dry-house and certain personal property.

At the trial in the superior court, before *Vose*, J., it appeared that the arch of the dry-house consisted, at the top, of one

thickness of brick, upon which a marble slab two inches thick was laid ; and that the defendants, having the right to dry staves in the dry-house, placed some wet hemlock ones upon the marble slab and kindled a fire in the arch. A few hours after this fire had been replenished by the defendants, the building was discovered to be on fire, and was destroyed. The evidence was conflicting as to the manner in which the building took fire, and as to the degree to which the marble slab would become heated by the fire in the arch. The plaintiff asked certain witnesses who had been employed in and taken charge of the dry-house for a considerable length of time, whether in their opinion the placing of staves upon the top of the arch was a prudent and safe mode of proceeding. This evidence was objected to and excluded.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*H. W. Bishop,* for the plaintiff, cited *Vandine* v. *Burpee,* 13 Met. 288 ; *Webber* v. *Eastern Railroad,* 2 Met. 147 ; *Davis* v. *Mason,* 4 Pick. 156 ; *Buffum* v. *Harris,* 5 R. I. 243 ; *Price* v. *Powell,* 3 Comst. 322 ; *Smith* v. *Gugerty,* 4 Barb. 614 ; *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72 ; *Malton* v. *Nesbit,* 1 C. & P. 70.

*T. P. Pingree, Jr.,* (*J. D. Colt* with him,) cited 1 Greenl. Ev § 440 ; *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 545 ; *Rich* v. *Jones,* 9 Cush. 337 ; *Campbell* v. *Rickards,* 5 B. & Ad. 840.

METCALF, J. Whether it was safe to place staves or other combustible materials on the top of the arch in the plaintiff's dry-house was, in our judgment, a question on which the opinion of experts was not admissible in evidence to the jury. In *New England Glass Co.* v. *Lovell,* 7 Cush. 321, Chief Justice Shaw said, that " in applying circumstantial evidence which does not go directly to the fact in issue, but to facts from which the fact in issue is to be inferred, the jury have two distinct duties to perform ; first, to ascertain the truth of the fact to which the evidence goes, and thence to infer the truth of the fact in issue. This inference depends upon experience. When this experience is of such a nature that it may be presumed to be within the common experience of all men of common education,

moving in the ordinary walks of life, there is no room for the
evidence of opinion; it is for the jury to draw the inferences."
He further said that the opinion of a witness is admissible,
" because a man's professional pursuits, his peculiar skill and
knowledge in some department of science, not common to men
in general, enable him to draw an inference, when men of com-
mon experience, after all the facts proved, would be left in
doubt." See also *Perkins* v. *Augusta Insurance and Banking Co.*
10 Gray, 322, 324. This statement of the law is decisive, we
think, that the court rightly excluded the offered testimony of
the opinion of the two witnesses called by the plaintiff as ex-
perts. The issue on trial was, whether the defendants were
guilty of actionable negligence in the use of the plaintiff's dry-
house. The placing of hemlock staves on the top of the arch
in that house was a fact on which the plaintiff relied as proof
of such negligence. Whether this was such negligence de-
pended on the degree of heat produced there by the use which
the defendants made of the fire in the house; of which the ex-
ceptions show that the testimony was conflicting. But what-
ever the jury may have believed to have been the degree of heat
on the top of the arch, their common experience would have
enabled them to draw the inference, whether it was safe or
unsafe to place staves there; and the opinion of experts was
inadmissible.                          *Exceptions overruled.*